**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:24-CV-257 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| JOSEPH TERRA *and* DISTRICT | ) | |
| ATTORNEY OF DELAWARE COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Daniel Williams ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Phoenix("SCI-Phoenix") in Collegeville, Pennsylvania. Collegeville is located in Montgomery County, which is within the territorial boundaries of the United States District Court for the Eastern District of Pennsylvania. <u>See</u> 28 U.S.C. § 118(a).

In the Petition, Petitioner challenges the validity of convictions obtained in the Court of Common Pleas of Delaware County, Pennsylvania, at Docket No. CP-23-CR-5530-2019. ECF No. 1 at 1. Delaware County also is located within the territorial boundaries of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).

Because the convictions at issue arose out of Delaware County, the interests of justice weigh in favor of transferring this case to the United States District Court for the Eastern District of Pennsylvania.

1

## I. JURISDICTION

The power of this Court to grant the writ is founded upon 28 U.S.C. § 2241(a), which provides that the "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

Here, Petitioner was convicted within the confines of the Eastern District of Pennsylvania. Additionally, at the time of the commencement of this action, Petitioner was in prison at SCI-Phoenix. Consequently, only the Eastern District has "jurisdiction" to entertain the Petition. See 28 U.S.C. § 2241(d).[1] See also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("§ 2241(d) provides that when a petitioner is serving a state criminal sentence in a State that contains more than one federal district, he may file a habeas petition not only 'in the district court for the district wherein [he] is in custody,' but also 'in the district court for the district within which the State court was held which convicted and sentenced him'; and 'each of such district courts shall have concurrent jurisdiction to entertain the application.'"); Dunne v. Henman, 875 F.2d 244, 248-50 (9th Cir.

---

[1] Section 2241(d) provides that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

1989) ("The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction. A district court has *subject matter* jurisdiction over a habeas petition alleging a violation of federal law under federal question jurisdiction.") (citations omitted); Irving v. Breazeale, 265 F. Supp. 116, 120 n.9 (S.D. Miss. 1967) (even though petitioner was incarcerated in the Northern District of Mississippi, the Southern District of Mississippi, in which the petitioner's state trial was conducted, had jurisdiction over his habeas petition filed there), aff'd, 400 F.2d 231 (5th Cir. 1968).

## II.  VENUE

The issue of proper venue may be raised *sua sponte* by a federal court. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996).

Venue in habeas corpus cases filed by state prisoners challenging their convictions is proper in either the federal district in which the state conviction was obtained, or in the federal district in which the petitioner was incarcerated at the time of filing the habeas petition. Walker v. Lockhart, 620 F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, he filed his habeas petition in the Western District wherein his state trial was held, the court held that "venue was properly laid in the Western District. 28 U.S.C. § 2241(d).").

In this case, the state conviction was obtained, and Petitioner is incarcerated, within the confines of the Eastern District. Thus, venue is proper only in the Eastern District of Pennsylvania.

### III.  TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA

In the present matter, the United States District Court for the Eastern District of Pennsylvania has sole jurisdiction to hear this Petition, and venue is proper solely in that district as well.

Further, it has been the general practice of the United States District Courts in Pennsylvania to transfer habeas corpus petitions to the federal district where the Common Pleas Court is located that conducted the underlying criminal trial of the petitioner.  Ortiz v. Pennsylvania, No. 3:10cv028, 2010 WL 936448, at *1 (M.D. Pa. March 15, 2010) (action transferred from the "district (where petitioner is in custody) to the United States District Court for the Eastern District of Pennsylvania (where petitioner was convicted) in keeping with agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania."); Nightingale v. Vincent, No. Civ.A. 08-95J, 2008 WL 1943427, at *2 (W.D. Pa. May 2, 2008) ("Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted.").  See also Rouzer v. DiGuglielmo, Civ.A. No. 07-0268, 2007 WL 853750, at *1 (E.D. Pa. March 20, 2007).

For the foregoing reasons, and in the interests of justice, this case will be transferred to the United States District Court for the Eastern District of Pennsylvania.

An appropriate Order follows.

4

AND NOW, this 31st day of October, 2024, IT IS HEREBY ORDERED that the Clerk's Office is directed to transfer this case to the United States District Court for the Eastern District of Pennsylvania.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

,                                                 BY THE COURT,

                                                  */s/Maureen P. Kelly*
                                                  MAUREEN P. KELLY
                                                  UNITED STATES MAGISTRATE JUDGE


cc:     DANIEL WILLIAMS
        QP1536
        SCI PHOENIX
        1200 Mokychic Drive
        Collegeville, PA 19426

5